UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| GEORGE MCCRAVEY, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No.: | 2:20-CV-189-DCLC-CRW |
| HAWKINS COUNTY JAIL,<br>SOUTHERN HEALTH PARTNERS,<br>BUTCH GALLION,<br>AUTUMN ARMSTRONG, and<br>RONNIE LAWSON, | ) |  |  |
| Defendants. | ) |  |  |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983 in which Plaintiff sought leave to proceed *in forma pauperis*. On September 11, 2020, the same day that Plaintiff's complaint was received by the Court, a notice was mailed to Plaintiff's address of record advising him of his duty to promptly notify the Court and all parties of any change of address [Doc. 3]. The notice also warned Plaintiff that failure to file such a notice within fourteen days of any change of address could result in the dismissal of his case [*Id.*]. Thereafter, on September 21, 2020, the Court entered an order providing that Plaintiff would have twenty-one days from the date of entry of the order to submit the proper documents in support of his motion to proceed *in forma pauperis* — namely, a certified copy of his inmate trust account for the previous six-month period [Doc. 4]. That order cautioned Plaintiff that failure to comply with the order would result in the case's dismissal [*Id.*]. Both the notice and order mailed to Plaintiff's address of record has been returned to the Court as undeliverable, with a notation that Plaintiff had "booked out" of the jail [*See* Docs. 5 and 6]. Plaintiff has not provided the Court with an alternate address [*See* Doc. 2 p. 3].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff did not receive the order because he failed to comply with the Court's order and local rules. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. Therefore, this factor does not weigh in favor of dismissal.

As to the third factor, the Court attempted to warn Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Docs. 3 and 4]. However, he is no longer incarcerated, and the Court has no permanent address for him [*See* Doc. 2 p. 3]. Therefore, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner seeking to proceed *in forma pauperis* [Doc. 1], and he has not pursued this case since filing his complaint. This factor weighs in favor of dismissal.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/Clifton L. Corker<br>United States District Court